UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

FRANK LOUIS WATSON,

        Plaintiff,                     Case No. 2:10-cv-321

v.                                            Honorable Gordon J. Quist

UNKNOWN CHARLES et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Frank Louis Watson presently is incarcerated at the Baraga Maximum Correctional Facility (AMF). He sues AMF Resident Unit Officers (unknown) Charles and (unknown) Gill.

According to the complaint, on February 17, 2010, Defendants escorted Plaintiff to a shower stall on C-wing of Unit 1. When he entered the shower, Plaintiff saw soapsuds, hair and blood on various surfaces of the stall. He immediately complained to Defendants that the stall was unsanitary and asked to be returned to his cell. Defendants refused to return him to his cell and he was left in the stall for eight minutes. Defendants advised Plaintiff to simply rinse off the substances with the shower water. Plaintiff alleges that Defendants were deliberately indifferent to his potential exposure to hazardous waste. He also alleges that Defendants' conduct violated MICH. DEP'T OF CORR., Policy Directive 03.03.130.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*,

452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff complains that he was exposed to a risk of blood-borne infection during the time he was left in the shower stall. It is well recognized that exposure to unsanitary conditions may violate the Eighth Amendment's prohibition on subjecting inmates to an excessive risk of harm. *See Rhodes*, 452 U.S. at 347 (recognizing that minimal sanitation is required by the Eighth Amendment); *Hutto v. Finney*, 437 U.S. 678 (1978) (holding that regularly holding prisoners in extremely overcrowded conditions where they were exposed to infections diseases such as hepatitis, together with other conditions, presented a sufficiently serious risk to prisoner health to implicate the Eighth Amendment). Some courts also have recognized that forcing prisoners to be exposed to blood-borne contagious or infectious diseases may violate the Eighth Amendment. *See, e.g., Lee v. Birkett*, No. 09-cv-10723, 2010 WL 1131485, at *5 (E.D. Mich. Feb. 18, 2010) (holding that allegations that prisoners were forced to use common razors and be exposed to other unsanitary conditions for two months could meet the objective component of the deliberate-indifference standard); *Coker v. Dallas County Jail*, No. 3:05-cv-5, 2007 WL 3022575, at *20 (N.D. Tex. Oct. 17, 2007) (forcing prisoner to shower in an area covered with blood and excrement falls within prohibited Eighth Amendment conditions); *Randles v. Hester*, No. 98-cv-1214, 2001 WL 1667821, at *3 (M.D. Fla. June 27, 2001)

(holding that the forcing a prisoner to clean up blood spills without furnishing him with protective clothing and equipment establishes the objective component of the Eighth Amendment).

Ordinarily, however, allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that placement in a flooded cell without a working toilet failed to establish a constitutional violation); *see also Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment") (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir. 1987)). In *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998), the court concluded that a prisoner's exposure for three days to a filthy cell with "blood on the walls and excretion on the floors" was not cruel and unusual punishment. *Id.* (quoting *Hutto*, 437 U.S. at 686-87) (noting that "the length of confinement cannot be ignored. . . . A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months."). Similarly, in *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996), the court held that a prisoner did not establish an Eighth Amendment violation based on allegations that he was exposed for four days to raw sewage from an overflowed toilet in his cell.

Here, Plaintiff does not allege that he was injured in any way or that he was directly exposed to pathogenic conditions. Instead, he alleges that, on a single occasion, the shower stall in which he was placed had some blood mixed with soap scum and hair on one or more surfaces. Plaintiff does allege that he came into contact with the blood or even that he even touched the walls or floors with unprotected skin. Instead, he complains that Defendants did not return him to his cell immediately upon his request, forcing him to remain standing in the shower stall for eight minutes

after he complained of the conditions. Plaintiff's allegations are neither of sufficient seriousness nor of sufficient duration to fall within the ambit of the Eighth Amendment.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 14, 2011               /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE